Nov. Term, 1848.

SEWELL v. LANE.

(2) See *post*.

---

## SEWELL *v.* LANE.

A person privileged from arrest cannot recover of the defendant for procuring a *capias ad respondendum* to be issued, and giving a general direction to the officer to execute it immediately, when such defendant does not know at the time that the person to be arrested is thus privileged.

APPEAL from the *Fountain* Circuit Court.

PERKINS, J.—This was an action on the case by the appellee against the appellant. The ground of complaint was an arrest of the former upon a *capias* in a civil action, made while he was a suitor in a cause, and attending in Court, which arrest was caused by the latter. The action is founded upon the two following sections of the R. S. pp. 957, 958:

*Friday,*
*January 26,*
1849.

Nov. Term,
1848.

SEWELL
v.
LANE.

" Sec. 6. Justices of the peace while engaged in hearing and determining any action, suit, or plaint, instituted before them, or any of them, and all attorneys and counselors at law, clerks, sheriffs, coroners, and all suitors, witnesses, and jurors, while attending Court, and while going to and returning from Court, shall be privileged from arrest."

" Sec. 14. Whoever shall arrest, or cause to be arrested, any of the persons above privileged, when entitled to such privilege from arrest, shall forfeit and pay for every such offence the sum of one hundred dollars, as and for his damages, with costs of suit, to be recovered in an action on the case by the person injured."

Upon the trial of the cause upon the general issue the Court gave the following instructions to the jury :

" That if they believed from the evidence that the said plaintiff made and filed said affidavit, as in said declaration alleged, and that he caused said *capias ad respondendum* to be issued and delivered to said constable at the time and as in said declaration alleged, and that he instructed said constable to make an immediate arrest of the said plaintiff, and that the said constable did, in consequence of said instruction, arrest the said plaintiff at the time and while he was a suitor, as in said declaration alleged, they must find the said defendant guilty, and assess the statutory damages, although they might believe that the said *Sewell*, at the time he gave such instruction, had no knowledge that the said plaintiff was such suitor as aforesaid, and although there might be no evidence that the said *Sewell* instructed the said constable to arrest said *Lane* whilst such suitor." This instruction was excepted to.

The jury found for the plaintiff, and assessed his damages at 100 dollars. Judgment accordingly.

We think this instruction wrong. We do not think that the general direction by a plaintiff to an officer for the immediate execution of a *capias ad respondendum*, in an ordinary civil suit, where such plaintiff does not know, or has not good reason to know, that the defendant is at

the time privileged from arrest, should be construed into <span>Nov. Term, 1848.</span> a command to arrest the defendant whilst so privileged; but rather should be considered a command to make the <span>McCandless v. Craft.</span> arrest as soon as it can be legally done.   A person goes to the clerk's office and procures the issue of a *capias ad respondendum*, and delivers it to the sheriff with the direction to arrest the defendant immediately, not knowing at the time, however, where he may be.   The officer departs for the purpose of executing the writ.   He finds the defendant in some justice's office engaged as a suitor or a witness.   Being bound to know the law, he is bound to know that an arrest while the defendant is so engaged would be illegal, and we do not think, under such a state of facts, he could be justified in presuming that the plaintiff intended that he should do an illegal act; but that the case existing formed a tacit exception to the direction given.   Considering, then, that the command of the plaintiff, assumed in the instruction, did not require an arrest of the defendant while privileged, the plaintiff cannot be said to have caused the arrest under such circumstances, and would not, in the state of facts assumed in the instruction, be liable for causing such arrest.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Z. Baird*, for the appellant.

*R. C. Gregory*, for the appellees.